Robert Tauler (SBN 241964)
Tauler Smith LLP
11111 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone: (310) 746-5601
rtauler@taulersmith.com

Attorneys for Plaintiff
NUTRITION DISTRIBUTION LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>TRIBRAVUS ENTERPRISES, LLC, dba iForce Nutrition, a California Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. '15CV1649 LAB JMA<br><br>**COMPLAINT FOR VIOLATIONS OF SECTION 43 (a)(1)(B) OF THE THE LANHAM ACT**<br><br>**[DEMAND FOR A JURY TRIAL]** |

**COMPLAINT**

Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against Tribravus Enterprises, LLC dba iForce Nutrition ("iForce" or "Defendant"), and in support thereof, avers as follows:

## INTRODUCTION

1. This is a civil action arising from Defendant's false advertising and blatant misrepresentations regarding two products: Conquer and Dexaprine XR. These products are marketed as being natural supplements, when, in fact, they contain synthetic ingredients analogous to amphetamines.

2. Defendants' false, misleading and deceptive practices have violated the Lanham Act and have unjustly enriched Defendant at the expense of ND, and have caused ND extensive and irreparable harm, including, but not limited to, loss of revenue, disparagement, and loss of goodwill.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. 1332 (diversity jurisdiction) because Plaintiff asserts causes of action arising under federal law and the parties are citizens of different states and the controversy exceeds the value of $75,000.

4. This Court has personal jurisdiction over Defendant because defendant's principal place of business is in this district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because defendant resides in this district.

## PARTIES

6. Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff") an Arizona limited liability company with its principal place of business at 14215 N. 8th Pl., Phoenix, Arizona, 85022.

7. Defendant is a California Limited Liability Company with its principal place of business in Vista, California.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1- 10, inclusive, and therefore sued these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

9. The nutritional supplement industry is one of the fastest growing and most lucrative in the United States. A recent Forbes article estimates that nutritional supplement sales accounted for $32 billion in revenue in 2012 and predicts this number to grow to $60 billion within ten years. The growth and size of the nutritional supplement market and the relatively low barriers to entry provide perverse incentives for unfair competition prohibited by the Lanham Act.

### Plaintiff Nutrition Distribution

10. Plaintiff is a cutting edge sports supplement manufacturer and marketer. From its inception, Plaintiff was a leader in the nutritional supplement market, specifically for body building.

11. Plaintiff has products in several categories of body building products, including pre-workouts (taken before a workout for energy), muscle-gainers, and fat burners.

12. Around 2011, Plaintiff began developing a new product in the pre-workout sub-market called Supersize. Supersize has natural ingredients and competes directly with Defendant's pre-workout "Conquer."

13. In October of 2011 Plaintiff also developed a fat burner called Slim FX. Slim FX has natural ingredients and directly competes with Defendant's fat burner "Dexaprine XR."

### Defendant's Pre-Workout "Conquer"

14. On information and belief, Defendant launched a pre workout called Conquer in 2013.

15. Labeling for Conquer listed a compound called beta-methylphenethylamine ("BMPEA") as being part of an extract of the botanical *Acacia rigidula*. In fact, BMPEA is a synthetic compound not found in any plant, and certainly not in *Acacia rigidula*.

16. In fact, the FDA Office of Regulatory Science, Center for Food Safety had published a study in October 2013 expressly finding that BMPEA was a synthetic chemical not found in *Acacia rigidula* or any other plant. Astonishingly, despite the study, Defendant persisted in the sale of Conquer for over 18 months.

17. On April 22, 2015, the FDA specifically sent Defendant a letter finding Conquer to be misbranded due to its false labeling of BMPEA as a derivative of *Acacia rigidula* and ordered Defendant to stop its distribution of Conquer. Despite the FDA's admonition, Conquer is still widely available.

18. Defendant has falsely labeled and marketed Conquer by claiming that BMPEA is found in *Acacia rigidula extract*, when in fact BMPEA is a synthetic amphetamine analog and not extracted from a plant.

### Defendant's Fat Burner "Dexaprine XR"

19. On information and belief, Defendant launched a pre workout called Dexaprine XR in 2013.

20. Labeling for Dexaprine XR lists "Acacia Rigidula Extract" as an ingredient, but does not list the synthetic ingredient BMPEA.

21. Around March 1, 2015, a study was published in Drug Testing and Analysis finding an average of 5.74 milligrams of BMPEA in each serving of Dexaprine XR. However, BMPEA is a synthetic ingredient and is not listed on the label of Dexaprine

3
**COMPLAINT**

XR at all. BMPEA has never been tested in humans or cleared for use in pharmaceuticals or supplements, but it has been proven to raise heart rate and blood pressure in dogs and cats and considered potentially dangerous by scientists.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

22. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

23. Defendant has purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of its "nutritional supplement" Dexaprine XR, by failing to list the synthetic ingredient BMPEA on its label. BMPEA is untested on humans and potentially dangerous.

24. The use of such unlabeled and falsely labeled substances has the tendency to deceive a substantial segment of the public into believing that they are purchasing a product with different characteristics. By failing to list this potentially harmful ingredient on their label, Defendant has misled consumers.

25. The deception is material because it is likely to influence a consumer's purchasing decision, especially if the consumer has concerns about the consequences of taking an untested product or one made synthetically without proper expert oversight.

26. Defendant has introduced its false statements into interstate commerce via marketing and advertising on various websites and shipment of its product into interstate commerce containing false advertising.

27. Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendant and the loss of goodwill in Plaintiff's products. Indeed, Defendant's conduct is a black eye on the industry as a whole, and has the tendency to disparage Plaintiff's products and goodwill.

28. Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce which, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of its products in violation of Section 43(a)(1)(B) of the Lanham Act.

## SECOND CLAIM FOR RELIEF

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

29. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

30. Defendant has purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of Conquer, namely, that the BMPEA it contains is derived from the *Acacia rigidula* plant, instead of truthfully stating that it is a synthetic amphetamine isomer untested on humans.

31. The use of such unlabeled and falsely labeled substances has the tendency to deceive a substantial segment of the public into believing that they are purchasing a product with different characteristics.

32. The deception is material because it is likely to influence a consumer's purchasing decision, especially if the consumer is concerns about the health implications of taking synthetic compounds in large doses that have not been tested on humans.

33. Defendant has introduced its false statements into interstate commerce via marketing and advertising on various websites and shipment of its product into interstate commerce containing false advertising.

34. Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendant and the loss of goodwill in Plaintiff's products. Indeed, Defendant's conduct is a black eye on the industry as a whole, and has the tendency to disparage Plaintiff's products and goodwill.

35. Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce which, in commercial

advertising and promotion, misrepresent the nature, characteristics, and qualities of its products in violation of Section 43(a)(1)(B) of the Lanham Act.

## **PRAYER**

Wherefore, Plaintiff Nutrition Distribution LLC prays for judgment against Defendant as follows:

1. For preliminary and permanent injunctive relief enjoining Defendants from producing, licensing, marketing, or selling Conquer or Dexaprine XR;
2. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;
3. For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;
4. For restitution of Defendant's ill-gotten gains;
5. For treble damages in accordance with 15 U.S.C. § 1117;
6. For punitive damages;
7. For costs and attorneys' fees; and
8. Any other relief the Court may deem appropriate.

DATED: July 21, 2015              TAULER SMITH LLP


By: ___*/s/ Robert Tauler*_____
Robert Tauler
NUTRITION DISTRIBUTION LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:  July 21, 2015                                    TAULER SMITH LLP


By:  ___*/s/ Robert Tauler*_____
    Robert Tauler
    NUTRITION DISTRIBUTION LLC

COMPLAINT